Filed 12/1/21  P. v. Crecy CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANTOINE MAURICE CRECY,<br><br>        Defendant and Appellant. | A161419<br><br>(San Mateo County<br>Super. Ct. No. SC043393A) |

Antoine Maurice Crecy (appellant) appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code section 1170.95.[1]  We reverse and remand.

BACKGROUND

*Appellant's Record of Conviction*

In 1999, appellant was convicted, following a jury trial, of two counts of first degree murder (§ 187), and one count each of robbery (§ 212.5, subd. (a)), attempted robbery (§§ 212.5, subd. (a), 664), and burglary (§ 460, subd. (a)). The jury found true felony-murder special-circumstance allegations that the

---

[1] All undesignated section references are to the Penal Code.

1

murders were committed while appellant was engaged in a robbery or burglary. (§ 190.2, subd. (a)(17)(A) & (G).) The jury also found true that appellant was armed with a firearm while committing each offense (§ 12022, subd. (a)(1)), but found not true an allegation that appellant personally used a firearm in the commission of the crimes (§ 12022.5, subd. (a)).

The underlying summary of the facts is taken from the Court of Appeal opinion affirming the judgment. (*People v. Crecy* (Feb. 4, 2002, A091674) [nonpub. opn.].) In September 1997, Diane McClanahan deposited an inheritance of approximately $50,000 in her bank account. Two days later, her boyfriend, Winferd Flewellen, drove appellant to Flewellen's Daly City apartment, where McClanahan was visiting. Appellant was acquainted with the couple because he sold them drugs. Appellant left the apartment that afternoon. In the early morning hours of the next day, neighbors heard gunshots from Flewellen's apartment. Later that morning, McClanahan's car was found a few blocks from appellant's grandmother's house, where appellant sometimes stayed. Flewellen and McClanahan were found dead in Flewellen's apartment. Both had been shot at close range and the apartment had been ransacked. The following month, a store clerk who knew appellant as a regular customer witnessed him holding a gun and saying he had killed two people in Daly City.

In November, appellant was arrested and made a statement to the police. He said that, during the September drive to Flewellen's apartment, Flewellen told him about McClanahan's inheritance and indicated the money was in his bedroom. After appellant left Flewellen's apartment that afternoon, he told two men about a robbery they could commit. The three went to Flewellen's apartment, each with a gun. The other two men guarded the victims while appellant unsuccessfully looked for the money in the

2

bedroom.  When appellant returned to where the others were, the victims were covered on the ground and appellant heard McClanahan beg not to be killed.  Appellant left the apartment because he no longer wanted to be part of the crime.  He waited for the others downstairs and did not hear any gunshots.  When the men joined him, they gave him some of $1,000 they had found in the apartment.  Appellant left with one of the men while the other took McClanahan's car.

After making this statement, appellant was placed in a holding cell. Another inmate in the cell testified appellant said he was present when the victims were shot.  At trial, appellant testified he and one other person committed the burglary and, when they left together, both victims were alive on the floor.

*Banks/Clark*

The felony-murder special-circumstance statute provides a penalty of death or life imprisonment without the possibility of parole for a defendant who was "not the actual killer" but who, "with reckless indifference to human life and as a major participant," aids and abets the commission of an enumerated felony, including robbery and burglary, which resulted in the death of a person.  (§ 190.2, subds. (a)(17)(A) & (G), (d).)

After appellant's conviction was final, *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) "clarified the meaning of the special circumstances statute."  (*In re Scoggins* (2020) 9 Cal.5th 667, 671 (*Scoggins*).)  Under *Banks* and *Clark,* " 'Awareness of no more than the foreseeable risk of death inherent in any [violent felony] is insufficient' to establish reckless indifference to human life; 'only knowingly creating a "grave risk of death" ' satisfies the statutory requirement.  (*Banks,* at p. 808 [189 Cal.Rptr.3d 208, 351 P.3d 330].)  Notably, 'the fact a

3

participant [or planner of] an armed robbery could anticipate lethal force might be used' is not sufficient to establish reckless indifference to human life. (*Ibid*.; see *Clark,* at p. 623 [203 Cal.Rptr.3d 407, 372 P.3d 811].)" (*Scoggins,* at p. 677.)

Defendants for whom "*Banks* and *Clark* clarified the meaning of the special circumstances statute after [their] conviction[s] became final," such as appellant, are "entitled to habeas corpus relief ' "if there is no material dispute as to the facts relating to [the defendant's] conviction and if it appears that the statute under which [the defendant] was convicted did not prohibit [the defendant's] conduct." ' " (*Scoggins, supra,* 9 Cal.5th at p. 676.)

*Appellant's Habeas Petition*

In November 2016, appellant filed a petition for writ of habeas corpus in the superior court, challenging the felony-murder special-circumstance finding in light of *Banks* and *Clark*. The superior court (a different bench officer from those who presided at appellant's prior trial and heard his subsequent resentencing petition) summarily denied the petition.

*Section 1170.95*

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).) In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill 1437 added section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to

4

retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

"Pursuant to section 1170.95, an offender must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' (§ 1170.95, subds. (a)(1)–(3); see also § 1170.95 subd. (b)(1)(A).) . . . [¶] Where the petition complies with subdivision (b)'s three requirements, then the court proceeds to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief. (§ 1170.95, subd. (c).) [¶] If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' (§ 1170.95, subd. (d)(1).)" (*Lewis, supra,* 11 Cal.5th at pp. 959–960.)

*Appellant's Resentencing Petition*

In 2020, appellant filed a section 1170.95 resentencing petition. Appellant averred that he "was not a major participant in the felony" or "did not act with reckless indifference to human life during the course of the crime

5

or felony." The People submitted with their opposition the jury instructions from appellant's trial, the Court of Appeal opinion affirming his conviction, and the order denying his habeas petition.

The trial court found appellant failed to establish a prima facie case. This appeal followed.

## DISCUSSION

"While the trial court may look at the record of conviction . . . to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' [Citation.] [¶] . . . In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.] . . . [T]he 'prima facie bar was intentionally and correctly set very low.' " (*Lewis, supra,* 11 Cal.5th at pp. 971–972.)

We agree with appellant that the jury's felony-murder special-circumstance finding alone does not preclude section 1170.95 resentencing relief. "[A] murder defendant facing a pre-*Banks* and *Clark* felony-murder special circumstance may properly allege that the murder conviction is no

6

longer valid 'because of changes to Section 188 or 189 made effective January 1, 2019.' (§ 1170.95, subd. (a)(3).) Those changes include the addition of section 189, subdivision (e)(3), which provides that to be liable for felony murder (subject to exceptions not here relevant), a defendant must be 'a major participant in the underlying felony [who] . . . acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.' [¶] While it is true that the language of section 189, subdivision (e)(3) tracks language that has always been a part of section 190.2, subdivision (d), *Banks* and *Clark* placed new limits on its meaning. Because we must presume the Legislature knows and acts against the backdrop of existing case law [citations], the language of section 189, subdivision (e)(3) as enacted by the Legislature in 2018 necessarily carries the meaning announced in *Banks* and *Clark*, since both cases were on the books when Senate Bill 1437 was passed and signed by the Governor." (*People v. Secrease* (2021) 63 Cal.App.5th 231, 254 (*Secrease*), review granted June 30, 2021, S268862.)

The parties next dispute whether appellant's *Banks/Clark* challenge can only be brought by means of a habeas corpus petition, as the People contend, or instead can be raised in a section 1170.95 proceeding, as appellant contends. This issue has divided courts of appeal (see *Secrease, supra,* 63 Cal.App.5th at p. 247, fn. 11 [citing cases]) and is currently pending before the Supreme Court (*People v. Strong,* review granted March 10, 2021, S266606). We agree with those courts holding a *Banks/Clark* challenge can be brought in a section 1170.95 petition: "First, the statutory text suggests the Legislature saw the new section 1170.95 statutory remedy it created as cumulative to other available remedies, including habeas corpus, given its express statement in section 1170.95, subdivision (f), that '[t]his section does not diminish or abrogate any rights or remedies otherwise available to the

7

petitioner.' Second, section 1170.95 explicitly contemplates that, upon showing a right to relief, a successful petitioner's 'prior [murder] conviction, and any allegations . . . attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges' (§ 1170.95, subd. (d)(3)), which suggests the Legislature understood that vacatur of a special circumstance finding may occur as a consequence of a successful section 1170.95 proceeding. [Citation.] [¶] Third, we find it significant that section 1170.95, subdivision (d)(2) expressly provides that '[i]f there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner,' while omitting any reference to a felony-murder special-circumstance true finding being 'an automatic statutory bar' to resentencing eligibility." (*Secrease,* at pp. 256–257.)

We also agree with appellant that the superior court's previous summary denial of his habeas petition does not impact the instant proceedings. "[T]he summary denial of a habeas corpus petition does not establish law of the case and does not have a res judicata effect in future proceedings." (*Gomez v. Superior Court* (2012) 54 Cal.4th 293, 305, fn. 6.) For this reason, courts of appeal considering section 1170.95 resentencing petitions presenting this issue have reasoned, "The fact we previously summarily denied [the resentencing petitioner's] habeas corpus petition arguing the evidence was insufficient to support the special circumstances finding under *Banks* and *Clark* is irrelevant." (*People v. Law* (2020) 48 Cal.App.5th 811, 821, fn. 3, review granted July 8, 2020, S262490; accord, *People v. Torres* (2020) 46 Cal.App.5th 1168, 1180, fn. 4, review granted June 24, 2020, S262011 [summary denial "on the merits" of habeas petition

8

raising *Banks/Clark* challenge was not preclusive on the issue in section 1170.95 proceeding].)

Appellant urges us to direct the trial court to issue an order to show cause; the People do not argue the current record—apart from the arguments above—supports affirmance. We decline to decide the matter on the current record. (See *Secrease, supra,* 63 Cal.App.5th at p. 261 ["There may be aspects of the record the prosecution had no need to bring forward when it opposed relief solely on the ground that the special circumstance finding, without examination of the evidence behind it, justified denial as a matter of law."].) Instead, we will remand to the trial court, where "the court's task will be narrowly focused on whether, without resolving conflicts in the evidence and making findings, the evidence presented at trial was sufficient to support the felony-murder special-circumstance finding under *Banks* and *Clark.*" (*Secrease,* at p. 264.)

## DISPOSITION

The order denying appellant's section 1170.95 petition is reversed and remanded.

_____

SIMONS, J.

We concur.

_____

JACKSON, P. J.

_____

NEEDHAM, J.

(A161419)